## In re RAUSCH MANUFACTURING CO., INC., Debtor.

### Bankruptcy No. 3–83–1740.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Dec. 31, 1985.

Michael Nicholson, Detroit, Mich., for UAW.

Steven Nosek, Minneapolis, Minn., for debtor.

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

The motion to sell assets free and clear of liens and interests came on for hearing before the undersigned on December 30, 1985 in the United States Courthouse, St. Paul, Minnesota, pursuant to notice duly given. Appearances of counsel were noted in the record. The court, having considered the debtor's motion, and after hav-

---

ing heard arguments of counsel, and the testimony and evidence introduced, makes the following order.

1) The objection of the United Automobile, Aerospace and Agricultural Implement Workers of America (hereinafter "UAW") to the motion to sell assets free and clear of liens and interests is not sustained and the same is hereby dismissed.

2) The objection of Robert V. Gustafson to the motion to sell assets free and clear of liens is not sustained and the same is hereby dismissed.

3) The debtor's motion to sell all assets of Rausch Manufacturing Company, Inc., the debtor-in-possession, pursuant to 11 U.S.C. § 363, is hereby granted.

4) The debtor is authorized to convey and transfer to Terence Durkin and Phillip Potter, or their assignee, all assets of the debtor, including machinery, furniture, fixtures, equipment, inventory, work-in-process, contract rights, cash and accounts receivable and the debtor's interest in that certain lease of the debtor's business premises located at 750 Pelham Boulevard, St. Paul, Minnesota, the goodwill of the debtor, and the right to use the name Rausch Manufacturing Company, Inc.

5) The proposed purchase of the assets of the debtor is hereby approved and the parties are directed to proceed to consummate the purchase transaction.

6) Said sale shall be free and clear of all liens, security interests and encumbrances except the lien of the Internal Revenue Service, which lien shall only attach to the assets being conveyed pursuant to the agreement between the debtor, the buyers, and the Internal Revenue Service as set out in the motion to sell assets free and clear of liens and interests.

7) All other liens, security interests and encumbrances shall transfer and attach to the proceeds to be paid by the buyers for the assets being purchased hereunder;

8) The lien of the Minnesota Department of Revenue, State of Minnesota, shall be paid by the buyers in accordance with the terms of the motion on file with this court and as modified by statements of the parties at the court hearing on December 30, 1985.

9) The debtor is authorized to disburse from proceeds to be paid by the buyers a sum of money sufficient to pay in full the debtor's balance due to Republic Acceptance Corporation.

10) The balance of proceeds to be paid by the buyers after payment to Republic Acceptance Corporation shall be deposited by the debtor in an interest-accruing account with no distribution to be made from said account pending further order of this court.

11) The motion of the debtor to consider the proposed sale of its assets on an expedited basis is herein granted. The court determines and finds that the manner in which notice was given is appropriate, that adequate notice of hearing has been given, and that all parties entitled to receive notice have received same.

12) The United States Trustee's motion for conversion or dismissal of this case to Chapter 7 originally heard on December 12, 1985 and continued to December 30, 1985 be and the same is hereby granted.

IT IS ORDERED that this case be converted to a proceeding under Chapter 7 of the Bankruptcy Code; however, the entry of this order of conversion is stayed until Friday, January 3, 1986. The United States Trustee is directed to appoint an interim trustee.

IT IS FURTHER ORDERED that the motion of UAW to withhold disbursing of the proceeds of the sale is denied.

IT IS FURTHER ORDERED that the motion of the UAW for a stay pending appeal be and the same is hereby denied.

UAW objected to the sale of assets free and clear of liens asserting that the proposed sale amounts to a plan of reorganization and that the requirements for such a plan have not been met.

The debtor has offered for sale essentially all of its major assets and while this may appropriately be handled by a liquidating plan of reorganization, the underlying facts of this case, its long term pendency in Chapter 11 without any advancement to-

wards a plan of reorganization, and the failure of the debtor to obtain an absolutely necessary injection of new capital fully justifies this court authorizing a sale under § 363 of the Bankruptcy Code. The fact situations of this case are dramatically different than those in the cases of *In re Lionel Corporation,* 722 F.2d 1063, 1071 (2d Cir.1983) and *In re Braniff,* 700 F.2d 935, 939 (5th Cir.1983) which UAW cites in support of its objection to the sale.

The United States Trustee has continually taken the position from early on in this case that this case is more properly a Chapter 7 case and has made several motions for dismissal or conversion of the case. It was at the urging of the debtor that a possible sale of this debtor as a going concern could be achieved that led this court to deny or continue the United States Trustee's motions for dismissal or conversion.

This case is unlike *Lionel* and *Braniff* which involves a debtor which is on the verge of dying and has absolutely no hope of rehabilitation. The only justification for keeping this case alive as long as it has been is the jobs which it provides in this community. This is not a case where the sale of substantially all of the assets result in the demise of a debtor/corporation but rather is a sale to individuals or an entity which intends to continue the debtor as a viable company employing people and producing product which has a worldwide market.

Indeed, this company is engaged in unique services whose competitors are few in number and scattered broadly geographically. It would be a substantial loss to this community in jobs and commerce to grant UAW's motion to deny the sale merely because an alternate way of achieving the same result is available under other sections of the Bankruptcy Code.

The objector's suggestion that a trustee could operate this business and continue work in progress, in the judgment of this court under the facts of this case, is a specious argument and must be rejected.

The court has carefully considered and scrutinized the objection of UAW and carefully considered the evidence and testimony submitted at the hearing in opposition to the sale and concludes that this sale of substantially all of the debtor's assets under § 363 of the Bankruptcy Code under the circumstances of this case, and the posture in which it presently stands, is fully warranted and justified and is in the best interests of the creditors of this estate, and selling of these assets to a viable entity assures the achievement of one of the leading goals in Chapter 11 reorganization, the continuation of jobs and promotions of commerce in this community.

For the foregoing reasons, the court approves the sale as proposed by the debtor in its motion filed herein. This sale at least gives the business which Rausch Manufacturing Company, Inc. conducted a chance to continue on in the future to the benefit of employees and businesses alike. The alternative result from the course of action offered by UAW in this court's judgment would only result in great loss in monies available for distribution to the creditors and the absolute end of the business conducted by Rausch Manufacturing Company, Inc.